IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

JOSEPH KENNEDY,  )
    Petitioner,  )
)
v.  )  Civil No. 2:06cv1028-LES
)  (Arising out of)
)  CR No. 2:01-cr-00172-A
UNITED STATES OF AMERICA,  )
    Respondent,  )

MOTION FOR ENLARGEMENT OF TIME AND REQUEST
FOR TOLLING OF THE STATUTE OF LIMITATIONS

    COMES NOW, JOSEPH KENNEDY, the Petitioner herein, by and through pro se, and respectfully moves the Honorable Court to apply the equitable tolling doctrine to the statute of limitations in this case pursuant to the extraordinary circumstances that existed beyond the Petitioner's control that made it impossible to file a petition on time. In support thereof, the Petitioner states as follows:

    I.    THE EQUITABLE TOLLING DOCTRINE APPLIES
           TO THE STATUTE OF LIMITATION IN
           TITLE 28 U.S.C. § 2255 PROCEEDINGS

    1. Congress has set forth a one-year period of limitations for the filing of an application for a writ of habeas corpus by a person in custody pursuant to a state court judgment. See 28 U.S.C. § 2244(d)(1). This period of limitations applies equally to federal habeas corpus proceedings.

    2. The limitations period ordinarily begins to run on

"the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review". Id. § 2244(d)(1)(A). A conviction becomes final for habeas purposes when the ninety-day period for filing a petition for a writ of certiorari to the United States Supreme Court has expired. See McKinney v. Artuz, 326 F.3d 87, at *22 (2nd Cir. 2003), and Washington v. United States, 243 F.3d 1299, 1300-01 (11th Cir. 2001).

    3. In the instant § 2255 proceeding, the statute is procedural, and not jurisdictional. In 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act (A.E.D.P.A.), which established a one-year period of limitations for filing a motion under 28 U.S.C. § 2255. The amended § 2255 states:

> A 1-year period of limitations shall apply to a motion under this section. The limitation period shall run from the latest of - -
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

    4. Applying the statute to the facts of this case, the Petitioner's Judgment of Conviction became "final" on July 23, 2005, one year from the date of the Petitioner's sentencing. Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987); Kapral v. United States, 166 F.3d 565 (3rd Cir. 1999). The Petitioner had one year from that date within which to file his § 2255 motion.

5. The Petitioner asserts that the limitation period in § 2255 proceedings is procedural and not jurisdictional. See id.; Kapral, 166 F.3d at 567; Moore v. United States, 173 F.3d 1131 (8th Cir. 1998); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616 (3rd Cir. 1998)(analogous limitations period in §2254); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998), cert. denied, 119 S.Ct. 1474 (1999)(§ 2254); Calderon v. Beeler, 128 F.3d at 1287-188 (same). See also, Stang v. Smith, 23 F.Supp.2d 972 (E.D. Wis. 1998); Raynor v. Dufrain, 28 F.Supp. 188, 189 (D. Conn. 1998); Lewis v. United States, 985 F.Supp. 654, 657 (S.D. W.Va. 1997); United States v. Van Poyck, 980 F.Supp. 1108, 1110 (C.D. Cal. 1997). Because the statute is procedural and not jurisdictional, it is subject to equitable tolling in appropriate circumstances.

6. The Petitioner contends that the time bar of 28 U.S.C. § 2244(d)(1) can be tolled "if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time". Calderon (Beeler), 128 F.3d at 1288-89.

7. In the instant case, the Petitioner contends that the one-year limitation period under § 2255 should be calculated from July 23, 2005, the date on which the judgment and conviction became final. As a result of the extraordinary circumstances involved in this case, the time should appropriately be tolled to consider this petition to be deemed as timely filed.

8. Equitable tolling is available only in those rare instances where, due to circumstances external to a party's own conduct, it would be unconscionable to enforce the limitation period against the party because a gross injustice would result;

thus, to be entitled to equitable tolling, otherwise time-barred petitioners must present (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time. United States v. Sosa, 364 F.3d 507; United States v. Battles, 362 F.3d 1195; and see also, Heriberto Baldayaque v. United States of America, 338 F.3d 145; 2003 U.S. App. Lexis 15063.

9. The A.E.D.P.A. statute of limitations in not jurisdictional and may be tolled equitably. Smith v. McGinnis, 208 F.3d 13, 17 (2nd Cir. 2000).

10. "Equitable tolling is only appropriate in rare and exceptional circumstances and to merit the application of equitable tolling, the petitioner must demonstrate that he acted with 'reasonable diligence' during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances 'beyond his control' prevented successful filing during that time." Smaldone v. Senkowski, 273 F.3d 133, 138 (2nd Cir. 2001).

11. Federal courts have typically extended equitable relief only sparingly in suits against private litigants, allowing tolling where the claimant has actively pursued his judicial remedies by filing a defective pleading or where he has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. See Shirley W. Irwin v. Department of Veterans Affairs, et al, 498 U.S. 89, 112 L.Ed.2d 435, 111 S.Ct. 453 (1990).

12. The Petitioner contends the only remaining issue is whether the statute should be tolled from the one-year period after his Judgement and Conviction became final on July 23, 2005.

## II. EXTRAORDINARY CIRCUMSTANCES EXISTED BEYOND THE PETITIONER'S CONTROL OR EXTERNAL TO HIS OWN CONDUCT

13. The Petitioner submits to this Court that he has affirmatively acted with "reasonable diligence" in this matter which would justify tolling the limitations period. The Petitioner seeks to have the limitation period tolled from July 23, 2005, the date on which his Judgment and Conviction became final, as a result of the "extraordinary circumstances" involved in this case beyond his control or external to his own conduct to allow tolling of the statute and to consider this petition timely filed. See Affidavit of Linda L Kennedy, as annexed hereto.

14. The Petitioner contends that well prior to his Judgement and Conviction Order becoming final, Susan James, Esq., after representing his brother, Leon Kennedy, in a simultaneous prosecution, contacted the Petitioner at the Federal Transfer Center in Montgomery, Alabama. Ms. James arranged a legal visit with the Petitioner and conveyed her observations about his then attorney, James W. Parkman III, regarding the deficiencies, in her opinion, of the Petitioner's counsel of record. The Petitioner contends Ms. James did so in an attempt to solicit his business in a separate future representation pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of counsel against Mr. Parkman, the Petitioner's counsel of record.

15. The Petitioner submits that Ms. James assured the Petitioner that she could help him as a result of her personal observations of the above-referenced claim. As a result, he contacted his mother, Linda L. Kennedy, and informed her of this

development and, additionally, to express his desire to have Ms. James represent him in his § 2255 proceeding. As a result of the foregoing chain of events, Linda L. Kennedy contacted Ms. James, Esq., who informed Ms. Kennedy she would be glad to represent the Petitioner in this action. However, she stated that she must review the record, even though she was somewhat familiar with the case, to assure that a timely motion could be filed.

    16. Ms. Kennedy again contacted Ms. James, Esq., at which time Ms. James informed her that everything was in order and that she would require $5,000.00 in U.S. currency to provide Mr. Kennedy with legal representation. Ms. James further informed Ms. Kennedy that she could begin immediately, but she would require at least $1,000.00 as a down payment on her retainer fee. See Affidavit of Linda L. Kennedy, as annexed hereto.

    17. On July 14, 2006, well prior to the Judgment and Conviction in this case becoming final, Ms. Kennedy provided Ms. James with the required payment of $1,000.00 to begin her services and to submit at least a § 2255 application packet and later a supporting memorandum, due to the upcoming deadline as a result of the amended § 2255 requirements pursuant to the A.E.D.P.A. See copy of receipt from the Law Office of Susan James, Esquire, reflecting the timely retainer fee payment, annexed hereto in the Affidavit of Linda L. Kennedy.

    18. The Petitioner submits to the Court that Ms. Kennedy has continued to make payments prior to and well after the deadline under the A.E.D.P.A. for this case, as agreed between Ms. Kennedy and Ms. James. Ms. James, Esq. has not indicated anything

contrary to their original agreement and has elected to continue to receive payments for her services from Ms. Kennedy.

19. Ms. Kennedy has recently contacted the clerk of this Court, whereby it was confirmed that Ms. James, Esq., has done absolutely nothing in regards to a timely filing as agreed upon, resulting in a gross injustice, warranting this Court's intervention and application of the equitable tolling doctrine being applied to the statute of limitations in this case.

20. The Petitioner hereby requests that this Court enter an order to show cause in this matter and conduct an evidentiary hearing to affirmatively develop this claim, and also appoint counsel pursuant to Rule 6(c) and Rule 8(c) of the rules governing § 2255 proceedings.

WHEREFORE, premises considered and pursuant to the above-referenced subject matter, the Petitioner prays in the interests of justice that this Court grant the application of the equitable tolling doctrine to this case as a means to circumvent the gross injustice that arises therefrom.

Dated this __13th__ day of November, 2006.

Respectfully submitted,

JOSEPH KENNEDY
REG. NO. 10956-002
FCC YAZOO CITY MEDIUM
POST OFFICE BOX 5888
YAZOO CITY, MS 39194