IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, </br></br> vs. </br></br> JOSEPH KENNEDY | ) </br> ) </br> ) </br> ) </br> )    CASE NO. 2:06cv1028-LES-SRW </br> ) </br> ) </br> ) </br> ) </br> ) |

### UNITED STATES' RESPONSE TO ORDER
### RE: § 2255 MOTION OF JOSEPH KENNEDY

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and, in compliance with this Court's order, responds to the question concerning the period of limitations raised by Defendant/Movant Joseph Kennedy's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, Or Correct Sentence By a Person In Federal Custody, as follows:

### I.  PROCEDURAL HISTORY AND RELEVANT FACTS

On November 7, 2001, a grand jury for the Middle District of Alabama returned a three-count indictment against Defendant/Movant Joseph Kennedy ("Kennedy") and his four co-defendants, Leon Kennedy, Ricky Harrington, Sharmane Robinson, and Christopher Arrighi. See Doc. # 36, the indictment.  Count 1 of the indictment charged that, in the Middle District of Alabama, from an unknown date, and continuing up to October 4, 2001, the defendants did knowingly and intentionally conspire, combine, and agree together with other persons known and unknown to the grand jury, to distribute and possess with intent to distribute more than 1000 kilograms of marijuana, a Schedule I Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  Count 2 of the indictment charged that, on or about May October 4, 2001, in the Middle District of Alabama, Kennedy, Leon Kennedy, Harrington, and Robinson did knowingly and intentionally attempt to possess with intent to distribute approximately 124

pounds of marijuana, , a Schedule I Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  Count 3 of the indictment related solely to Christopher Arrighi.

Kennedy entered into a guilty plea agreement on October 18, 2004.  (Doc. # 372.)  This Court accepted his plea in an Order dated November 8, 2004.  (Doc. # 392.)  On July 13, 2005, this Court sentenced Kennedy to serve 240 months in prison.  Judgment was entered against Kennedy on July 26, 2005.  (Doc. # 425.)

On November 13, 2006, Kennedy filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.  Included with his filing was a Motion for Enlargement of Time and Request for Tolling of the Statute of Limitations.  Also included was an affidavit from Kennedy's mother, Linda Kennedy, which averred that, in July of 2006, she contracted with Susan James, Esq., to file a § 2255 motion on her son's behalf.  Ms. Kennedy further averred that she paid Ms. James $1,000.00 in United States currency as a retainer fee, and that Ms. James failed to file such motion within the statutory period permitted under the statute.  Attached to the affidavit was a copy of a receipt which indicated the payment of $1,000.00 for "legal fees."  Ms. James has informed the undersigned Assistant United States Attorney that the object of her contract with the Kennedys was a motion under Fed. R. Crim. P. 35, rather than a motion under 28 U.S.C. § 2255.  She has further informed this office that she refunded the money on September 28, 2006, after Kennedy failed to complete his payment for her services related to the Rule 35 motion.

On November 17, 2006, this Court entered an order directing the United States to file a response addressing the applicability of the period of limitations contained in 28 U.S.C. § 2255. The United States now files this response.

## II.  THE APPLICABILITY OF THE § 2255 LIMITATIONS PERIOD

Paragraph six of 28 U.S.C. § 2255 provides a one-year period of time to file a motion to vacate, set aside, or correct sentence.  Section 2255 states that a motion be filed within one year from

>(1) the date on which the judgment of conviction becomes final;
>
>(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 ¶ 6.

The judgment against Kennedy was entered on July 26, 2006.  He did not appeal his conviction or sentence to the Eleventh Circuit Court of Appeals.  His sentence became final when the time for filing an appeal to the Eleventh Circuit expired.  Although not specifically addressing the application of the statute of limitations to the 10-day notice of appeal requirement, the Eleventh Circuit has held that a judgment of conviction becomes final for someone who appeals to an appellate court when the time for seeking certiorari review in the Supreme Court expires.  See Kaufman v. United States, 282 F.3d 1336, 1337-39 (11th Cir.2002). Likewise, a judgment of conviction becomes final for someone who does not appeal when the time for seeking that appeal expires.  Kennedy had ten days from the July 29, 2003 entry of judgment by this Court to seek review by the Eleventh Circuit; his judgment of sentence, therefore, became final on August 5, 2005.  Therefore, under § 2255, Kennedy had until August 7, 2006 - the first business day occurring one year after August 5, 2006 - to file his motion.

Equitable tolling is an extraordinary remedy which is "appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999).  As the United States understands Kennedy's pleadings, he believes that he acted diligently in contracting for a § 2255 motion to be filed by the deadline of August 7, 2006, but that Ms. James' inaction caused him to miss the deadline.  If his version of events is deemed

credible, this Court may view these facts as circumstances "beyond his control and unavoidable even with due diligence. Ms. James has reviewed her notes in this case and indicated that, though she did inform Kennedy that the deadline for filing a § 2255 motion was fast approaching, he engaged Ms. James' services to pursue relief by way of a Rule 35 motion, and that she returned the money when he failed to complete his contractual payments.

Whichever factual scenario this Court finds most credible, the United States submits that "[M]ere attorney negligence does not justify equitable tolling . . . ." Steed v. Head, 219 F.3d 1298 (11th Cir. 2000). One non-binding case which this Court should consider is Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003). Rouse explained that attorney errors were attributable to clients, unless such error gave rise to ineffective assistance of counsel. Rouse at 249, citing Coleman v. Thompson, 501 U.S. 722, 753-53, 111 S.Ct. 2546 (1991); Murray v. Carrier, 477 U.S. 478, 488 106 S.Ct. 2639 (1986) ("[A] defendant [who] is represented by counsel whose performance is not constitutionally ineffective . . . bear[s] the risk of attorney error . . . ."). Only when the attorney's "error is so bad" that the "Sixth Amendment itself requires that responsibility for the default be imputed to the State" would attorney negligence be deemed "ineffective assistance." Rouse, id. at 250, citing Coleman at 754. However, errors regarding habeas proceedings cannot rise above mere negligence because there is no constitutional right to counsel in federal habeas proceedings. Id. at 250; accord Golston v. Attorney General of State of Ala, 947 F.2d 908, 911 (11th Cir. 1991) (recognizing that the "Supreme Court has never established a constitutional right to counsel for prisoners mounting collateral attacks upon their convictions," and that ineffective assistance of counsel cannot exist where no constitutional right to counsel exists); see also Johnson v. Singletary, 938 F.2d 1166, 1175 (11th Cir. 1991), quoting Coleman decision reasoning "because errors of post-conviction counsel cannot be constitutionally ineffective, a petitioner 'must bear the risk of attorney error that results in a procedural default.'"

Absent a sworn affidavit or testimony from Ms. James, this Court cannot determine whether the facts in this matter would support an equitable tolling of the limitations period in §

2255, or whether counsel's inaction falls within the guidelines of Golston/Johnson, supra. The United States takes the position that this Court should conduct an evidentiary hearing on Kennedy's motion, engage in the necessary fact-finding, and then determine whether he has met the legal standard for tolling the statute in this Circuit.

### III. CONCLUSION

For the above reasons, the United States requests that this Court conduct an evidentiary hearing so that it may determine the relevant facts concerning whether Defendant/Movant Joseph Kennedy has demonstrated cause sufficient for tolling the limitations period in 28 U.S.C. § 2255.

Respectfully submitted this the 18th day of December, 2006.

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Terry F. Moorer
TERRY F. MOORER
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
(334) 223-7280
(334) 223-7135 fax
terry.moorer@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| vs. | ) CASE NO. 2:06cv1028-LES-SRW |
| JOSEPH KENNEDY | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and mailed copy of the same to the following non-CM/ECF participant: Joseph Kennedy, #10956-002, FCI Yazoo City Medium, Federal Correctional Institution, P.O. Box 5888, Yazoo City, MS 39194.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Terry F. Moorer
TERRY F. MOORER
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
(334) 223-7280
(334) 223-7135 fax
terry.moorer@usdoj.gov