IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOSEPH KENNEDY, )
    Petitioner, )
)
v. ) Case No. 2:06cv1028-LES-SRW
)
UNITED STATES OF AMERICA, )
    Respondent. )

PETITIONER KENNEDY'S RESPONSE IN OPPOSITION TO
UNITED STATES' RESPONSE TO ORDER RE: § 2255 MOTION

---

COMES NOW, JOSEPH KENNEDY, the Petitioner herein, pro se, and respectfully submits the following Response In Opposition to the United States' Response To Order Re: § 2255 Motion. In support thereof, the Petitioner states as follows:

1. On November 13, 2006, the Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. In conjunction with said motion the Petitioner included a Motion For Enlargement of Time and Request for Tolling of the Statute of Limitations along with a supporting Affidavit.

2. On November 17, 2006, the Honorable Court entered an Order directing the United States to file a response addressing the applicability of the period of limitations contained in 28 U.S.C. § 2255.

3. The Petitioner contends that the equitable tolling doctrine applies to the facts and circumstances of this case, warranting that the period of limitations contained in 28 U.S.C. § 2255 should appropriately be tolled.

4. The equitable tolling doctrine is an extraordinary remedy which is appropriate when a petitioner files untimely because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999).

5. The Petitioner contends that he diligently contracted for the services of Ms. Susan James, Esq. for the purpose of filing a § 2255 motion prior to the August 7, 2006, deadline set forth under the Anti-terrorist and Effective Death Penalty Act (A.E.D.P.A.).

6. The Government provides in part that Ms. James has reviewed her notes in this case and indicated that the Petitioner did in fact enter a contractual agreement with her to retain her services in this matter. However, according to the Government's brief, she conveys that she was contracted to pursue relief via a Rule 35 motion. Ms. James also acknowledged that she did in fact inform the Petitioner that the deadline for filing a § 2255 motion was fast approaching.

7. The Petitioner contends that he contracted for Ms. James' services to formulate a § 2255 motion, even though Ms. James did suggest that a Rule 35 motion may be a possibility, and that she would conclude her research and provide whatever was necessary to assure success on behalf of the Petitioner.

8. The Petitioner contends that in order to correct a sentence via a Rule 35 motion, the defendant must make such motion within 120 days as specified in this rule. See United States v. Addonizio, 442 U.S. 178, 189 (1979), that Rule 35 only "authorizes district courts to reduce a sentence within 120 days", and that this time

period "is jurisdictional and may not be extended." See also, United States v. Kajevic, 711 F.2d 767 (7th Cir. 1983).

9. As a result of the foregoing statutory unavailability of relief via Rule 35 one year after judgment in this case, the only remedy available for Ms. James to file at the time the Petitioner's mother, Linda Kennedy, contracted, retained and paid for her services was a § 2255 motion, which Ms. James agreed to provide.

10. The Petitioner submits that Ms. James was contracted to act on his behalf prior to the expiration of the one-year period of limitations, and it was unequivocally agreed that she would formulate a § 2255 motion. The question remains as to why Ms. James entered into a contractual agreement to provide a timely § 2255 motion and then neglected her responsibility, resulting in the one-year period of limitations expiring in the Petitioner's case. After her failure to perform under the contract, Ms. James' return of the payments made by Linda Kennedy is a relevant fact.

11. The Government suggests that even though Ms. James may have been negligent in this matter, "mere attorney negligence does not justify equitable tolling..." Steed v. Head, 219 F.3d 1298 (11th Cir. 2000). They also state, "errors regarding habeas proceedings cannot rise above mere negligence because there is no constitutional right to counsel in federal habeas proceedings," accord Golston v. Attorney General of State of Ala, 947 F.2d 908, 911 (11th Cir. 1991)(recognizing that the "Supreme Court has never established a constitutional right to counsel for prisoners mounting collateral attacks upon their convictions," and that ineffective assistance of counsel cannot exist where no constitutional

right to counsel exists); see also Johnson v. Singletary, 938 F.2d 1166, 1175 (11th Cir. 1991)

12. Whether Ms. James' acts or omissions related to her handling of the Petitioner's case implicates the Sixth Amendment of the United States Constitution, the Petitioner's claim remains that his motion was unavoidably filed untimely because of extraordinary circumstances that are both beyond his control and were unavoidable even with his exercise of due diligence.

13. In Heriberto Baldayaque v. United States, 338 F.3d 145; 2003 U.S. App. Lexis 15063, Docket No. 02-2611 (2nd Cir. July 30, 2003), the district court issued a certificate of appealability on the issue of whether or not the holding in Smaldone v. Senkowski, 273 F.3d 133 (2nd Cir. 2001), always precludes the application of equitable tolling in a case where a habeas petition is untimely because of the extraordinary actions of the petitioner's attorney. The Baldayaque court found that it does not.

14. In that case, as in the case at bar, Ms. James in her acts or omissions acted in a manner completely adverse to the Petitioner's interests, which effectively prevented the Petitioner from filing a timely § 2255 motion and, as a result, the Petitioner should not have to suffer grave prejudice because of his counsel's misdeeds or negligence. National Union Fire Ins. Co. v. Bonnanzio, 91 F.3d 296, 303 (2nd Cir. 1996).

WHEREFORE, the Petitioner requests that upon this Court's conclusions in conjunction with the evidentiary hearing ordered on December 19, 2006, that this Court find that the Petitioner was effectively prevented from filing a timely § 2255 motion and, thereby, exercise its discretion and apply the equitable tolling

doctrine to the facts and circumstances of this case, allowing the Petitioner to proceed accordingly.

Dated this __29th__ day of December, 2006.

Respectfully submitted,

*(signature)*

JOSEPH KENNEDY, PRO SE
REG. NO. 10956-002
FCC YAZOO CITY MEDIUM
POST OFFICE BOX 5888
YAZOO CITY, MS 39194