UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

RECEIVED

2007 JAN -8  P 4:47

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| Plaintiff, | * |
| V. | * CASE NO. 2:06cv01028-LES-SRW |
| JOSEPH KENNEDY, | * |
| Defendant. | |

### AFFIDAVIT OF SUSAN G. JAMES

My name is Susan G. James, I am an Attorney licensed to practice law in Alabama since 1987. I am a member of the Alabama Federal and State Bar in good standing.

1. Kennedy filed a 28 U.S.C. §2255 on November 16, 2006. Kennedy filed pro se.

2. Kennedy alleges ineffective assistance of counsel by James Parkman and raises Booker related issues.

3. In a request to accept the pleadings out of time, Kennedy alleges that the undersigned lacked diligence and denied his right by failing to file a timely 2255 on his behalf.

4. In an attempt to respond to his allegations, the following is stated:

(1) The undersigned represented Kennedy's co-defendant and brother Leon Kennedy in a criminal prosecution in the Middle District of Alabama. Counsel represented Leon Kennedy at sentencing.

(2) Sometime around May, 2006, Joe Kennedy's mother contacted the undersigned's office and requested a legal visit with Joe Kennedy, who was at that time at the Montgomery City Jail. The undersigned agreed to visit Kennedy and did so. At that time Kennedy discussed

problems with his case, including but not limited to, failure of the Government to move for a downward departure based on additional cooperation he provided the Government post his sentencing on July 13, 2005.

(3) The undersigned explained to Kennedy that the Government would need to file a Rule 35 on his behalf and that her involvement in any way in that regard would be facilitatory in nature. Counsel advised Kennedy that *Booker* related issues possibly could be raised in a 28 U.S.C. §2255. He was cautioned, however, that the United States Supreme Court had not made Booker retroactive and the Eleventh Circuit Court of Appeals had taken the position that Booker was not retroactive.

(4) Subsequent to the visit Counsel was contacted by Linda Kennedy, Joseph Kennedy's mother, with regard to retaining her to assist him in efforts to persuade the Government to file a Rule 35 on his behalf based on additional cooperation for which he was not rewarded. Counsel explained to Linda Kennedy her discussions with Joe Kennedy regarding problems in raising a Booker issue in a 2255.

(5) Counsel did not believe based on Kennedy's plea of guilty and the nonretroactivity of Booker that Kennedy had viable issues for a 2255.

(6) Counsel in discussions with Linda Kennedy advised that she would be willing to assist him on the Rule 35 effort for a minimum fee of $5,000. Counsel's fee for representation on a 28 U.S.C. §2255 would have been more than double that cost. This makes clear that counsel was not retained to represent Joe Kennedy on a 2255.

(7) Linda Kennedy contacted the undersigned and indicated that she would be able to pay $1,000 down and $500 per month until the fee was paid. On July 14, 2006 Linda Kennedy paid

the initial $1,000. The remaining $4,000 balance was to be paid at $500 per month consecutively until paid in full beginning August 28, 2006.

(8) Despite claims in Joseph Kennedy's affidavit in support of his 2255 and motion for the tolling of the statute of limitations, **no additional payments were made**. Joseph Kennedy erroneously stated in his affidavit, paragraph 18, that counsel **continued to accept payments after the deadline for filing the 2255 had passed**. This is an absolute falsehood. This is self-evident by the fact that Linda Kennedy provides with her affidavit a receipt for $1,000 payment with a $4,000 balance. The refund provided Linda Kennedy at her request on September 28, 2006 was for $1,000. Common sense suggests that if Kennedy had paid more than the initial $1,000 she would have sought and obtained a refund for that amount as well.

(9) The Government in its response to the 2255 filed December 18, 2006 states that the 2255 was due in this case on August 7, 2006 because Kennedy had ten days from the July 29, 2003 (sic) entry of judgment by this Court to seek a review by the Eleventh Circuit. Counsel believes the Government intended for this date to be July 26, 2005. Based on this the ten days ran August 5, 2006..

(10) At all times pertinent to undersigned counsel's involvement with Joe Kennedy, his stated goals were to obtain credit for his cooperation and any benefit he might receive from the holding in *Booker*. Counsel explained to Kennedy that if and when the Government filed a Rule 35 on his behalf he could certainly bring to the Court's attention the fact that he was sentenced illegally under mandatory guidelines and that the Court might unofficially give that some consideration in reducing Kennedy's sentence more than that suggested by the Government. In other words there might have been a backdoor way for Kennedy to obtain some consideration by

3

the Court that he was sentenced illegally in contravention of *Booker*. The Court would have regained jurisdiction over his case upon a timely filing of a Rule 35 for cooperation unrewarded.

(11) The undersigned denies the allegations made by Joe Kennedy as to dereliction of duty. Further, as will be noted below she specifically denies specific claims that were raised in the affidavit's of Linda and Joe Kennedy.

(12) A cursory review of the 2255 filed by Kennedy when considering the citations to authority and the legal arguments made clearly suggests that Kennedy had a pro se 2255 in the works long before the requested refund of September 28, 2006.

**COUNSEL'S RESPONSE TO ALLEGATIONS MADE IN LINDA KENNEDY'S AFFIDAVIT**

Linda Kennedy suggests that the undersigned decided to accept a visit with Joe Kennedy at the jail. Joe Kennedy had requested the visit through his mother. Contrary to the assertion in paragraph 10-II, counsel did not convey to Joe Kennedy that she had formulated any opinion about Jim Parkman's representation. Counsel, Jim Parkman, and two others had successfully obtained a mistrial during the course of the trial in this case and Parkman had been successful in obtaining some concessions at Joe Kennedy's sentencing. Counsel, without looking at the sentencing transcript, however, would have been unable to formulate any opinion on Parkman's performance. Further, counsel never said that she could not say anything about this case because of her representation of Leon Kennedy.

**Counsel denies the allegations made in paragraph 10, III**, wherein it was suggested that she assured Joe Kennedy that she could assist him on a Rule 35 and a 2255. Counsel in her

almost 20 years of law practice has never assured a client of anything with regard to a potential outcome.

**Counsel objects to paragraph 14 of Linda Kennedy's affidavit** wherein she says that the $5,000 was for the filing of a 2255. As stated earlier counsel submits that the standard fee for at least the past 15 years for filing a 2255 has been over double the amount of $5,000.

**Counsel disagrees with the assertion in paragraph 16 of Linda Kennedy's affidavit** wherein she says counsel would file a motion and memorandum to supplement later. Counsel's practice over the course of almost 20 years has been to file simultaneously a memorandum and motion pursuant to 28 U.S.C. §2255. Joe Kennedy's 2255 was due 22 days after the initial $1,000 was paid. There is no way Counsel would have accepted retention for a 2255 with that short time frame.

Furthermore, Linda Kennedy's affidavit is signed on November 6, 2006. She states in the affidavit that she **recently learned from the Court that no 2255 had been filed**. The fact that Linda Kennedy obtained a refund in this case on September 28, 2006 defeats this assertion. Assuming without conceding that Linda Kennedy did learn from the Court that a 2255 had not been filed, that information would have occurred sometime prior to September 28, 2006 as opposed to over a month later on November 6, 2006.

**RESPONSE TO JOSEPH KENNEDY'S AFFIDAVIT**

**Counsel disagrees with paragraph 14 of Joseph Kennedy's affidavit** wherein he says that Susan G. James contacted him. Counsel was contacted by Linda Kennedy and requested to visit with Joe Kennedy in the City Jail.

**Counsel objects to paragraph 15 wherein Joe Kennedy** says that counsel assured him

5

she could help. Again, counsel has never made any assurance in over 20 years of practice as to the outcome of a case.

**Paragraph 18 of the affidavit of Joe Kennedy is completely false.** Joe Kennedy said that Linda Kennedy kept making payments after the 2255 deadline had passed and James elected to continue to receive the payments. As stated earlier there was only one payment received on July 14, 2006 for $1,000. None of the $500 monthly payments were made. If that had occurred Linda Kennedy would have produced proof of the same and sought a refund for the same.

### CONCLUSION

Counsel submits that her involvement and anticipated representation of Joe Kennedy involved a Rule 35 with the hope of further leniency of the Court simply by making the Court aware of *Booker* and *Blakely* issues. Counsel did not engage in representation of Joe Kennedy for purposes of a 2255.

The information provided in this affidavit is true to the best of my knowledge, information and belief.

Susan G. James

**NOTARY PUBLIC**

Sworn and subscribed before me this 8th day of January, 2007

Sharion S. Mims

My Commission expires March 27, 2007.

6