IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED
2007 JAN 24 A 9: 20

P. HACKETT,
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

JOSEPH KENNEDY,
    Petitioner,

v.      Civil No. 2:06cv1028-LES

UNITED STATES OF AMERICA,
    Respondent.

## MOTION FOR APPOINTMENT OF COUNSEL

COMES NOW, JOSEPH KENNEDY, the Petitioner herein, by and through pro se, and respectfully submits the following motion to appoint counsel pursuant to Rule 8(c) of the Rules of Habeas Corpus amd pursuant to 18 U.S.C. § 3006A(g). In support thereof, the Petitioner states as follows:

1. On November 13, 2006, the Petitioner filed the instant action pending before this Court.

2. On November 17, 2006, the Court entered an order directing the United States to file a response addressing the applicability of the period of limitations set forth in 28 U.S.C. § 2255.

3. On December 18, 2006, the United States submitted their Response to Order RE: § 2255 Motion of Joseph Kennedy in which a request was made requesting that this Court conduct an evidentiary hearing so that it may determine the relevant facts of this case.

4. On December 19, 2006, the Magistrate Judge entered an order requiring Susan James, Esquire, to file an Affidavit that addresses the Petitioner's allegations concerning Ms. James' representation of him in relation to the preparation and filing of a Motion To Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.

5. The Petitioner submits that if an evidentiary hearing is required in a § 2255 proceeding, the judge must appoint counsel for a petitioner who qualified [sic] for appointment under the Criminal Justice Act.

6. The Petitioner acknowledges that the appointment of counsel is not recognized as a right at any stage of a habeas proceeding. See, e.g., <u>United States ex rel. Marshall v. Wilkins</u>, 338 F.2d 404 (2d Cir. 1964). Some district courts have, however, by local rule, required that counsel must be provided for indigent petitioners in a case requiring a hearing. See, e.g. D.N.M.R.21(f), E.D.N.Y.R. 26(d).

7. Appointment of counsel at this stage is mandatory under subdivision (c). This requirement will not limit the authority of the court to provide counsel at an earlier stage if it is thought desirable to do so, as is done in some courts under current practice. At the evidentiary hearing stage, however, an indigent petitioner's access to counsel should not depend on local rule, and, for this reason, the furnishing of counsel is made mandatory.

8. Counsel can perform a valuable function beneficial both to the Court and the Petitioner.

9. The Petitioner contends that at the upcoming hearing the claims set forth in this case are more likely to be effectively

and properly presented by appointed counsel.

  10. The Petitioner, pursuant to the foregoing, requests that the Honorable Court appoint counsel in this matter due to the Petitioner's current status of incarceration resulting in an inability to be present, and further, in the interests of justice.

Dated this __16th__ day of January, 2007.

            Respectfully submitted,

            JOSEPH KENNEDY  
            REG. NO. 10956-002  
            FCC YAZOO CITY MEDIUM  
            POST OFFICE BOX 5888  
            YAZOO CITY, MS 39194

JOSEPH KENN
REG. NO. 10
FCC YAZOO C
P.O. BOX 5888
YAZOO CITY, MS 39194

CLERK OF COURT
UNITED STATES DISTRICT COURT
P.O. BOX 711
MONTGOMERY, ALABAMA 36101