```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                 MIDDLE DISTRICT OF ALABAMA
                      NORTHERN DIVISION
```

JOSEPH KENNEDY,                )
                               )
         Petitioner,            )        2:06CV1028
                               )
    v.                          )
                               )
UNITED STATES OF AMERICA,       )        MEMORANDUM OPINION
                               )
         Respondent.            )
_____)

This matter is before the Court on petitioner's notice of appeal seeking to appeal the order of this Court entered on December 24, 2008, denying him post-conviction relief pursuant to 28 U.S.C. § 2255 (Filing No. 21). The notice of appeal has been docketed as a motion to appeal *in forma pauperis* as well as a notice of appeal. The defendant has also filed a request for a certificate of appealability pursuant to 28 U.S.C. § 2253 (Filing No. 22).

The petitioner is incarcerated pursuant to a sentence imposed by this Court on July 26, 2005. The Court has determined that petitioner's request for certificate of appealability should be denied. If he is permitted to appeal, his motion to appeal *in forma pauperis* should be granted.

The request for certificate of appealability will be denied for the following reasons. Petitioner's motion filed pursuant to 28 U.S.C. § 2255 (Filing No. 1) alleges several grounds. Ground One alleges that the Court erred in denying his

claim for equitable tolling of the statute of limitations and states as the basis ineffective assistance of counsel.  Ground Two alleges that the sentence imposed in July of 2006, violated his Fifth and Sixth Amendment rights, based on his claim that his sentence was based upon extra verdict enhancements not charged in the indictment.  He claims ineffective assistance of counsel in failing to appeal that ground.  Ground Three seeks a "correction of error in the judgment pursuant to Rule 36 of the F.R. of Crim. P."  He alleges his objection to the application of USSG § 2D1.1(b)(1) to a determination of his guidelines was granted by the Court and not reflected in the judgment entered by the Court.  He is in error as the judgment reflected no enhancement pursuant to that guideline, which references possession of a firearm in connection with the crime charged.

He further notes that the Court granted a motion by the United States for a downward departure and that the judgment entered in this case inadvertently does not reflect this ruling.  He is also in error on that claim, as the motion of the government requested a sentence of 240 months imprisonment pursuant to the plea agreement, and that motion was granted.  He also claims his offense level should not be increased for his role in the offense.  That objection was denied.  Again, he claims ineffective assistance of counsel in failing to appeal these grounds.

-2-

This case has a tortuous history as reflected by a review of the criminal docket for his criminal case (2:01CR00172).  The Court relies primarily on the terms of his plea agreement which was entered into by the government and the defendant and filed October 18, 2004 (Filing No. 370).  That plea agreement states that on Count I of the indictment he was facing a mandatory term of life imprisonment.  His plea agreement calls for cooperation, and as part of that plea agreement, he entered into a binding agreement with the government pursuant to Rule 11(e)(1)(C) of the Federal Rules of Criminal Procedure (now Rule 11(c)(1)(C)), that he should receive a sentence of 240 months imprisonment.  If he cooperated with the government and provided substantial assistance, the defendant's sentence should be reduced to 180 months.

Defendant was sentenced in accordance with that plea agreement as the Federal Rule of Criminal Procedure applicable made the agreement binding on the Court.  The Court accepted the plea agreement prior to sentencing.  In that agreement, petitioner further waived the right to appeal either his plea of guilty or his sentence, under the provisions of 28 U.S.C. § 2255, except the issue of prosecutorial misconduct or ineffective assistance of counsel.

The principal complaint that petitioner has in his § 2255 motion is that there were two enhancements to his offense level, based on his role in the offense and based upon his possession of a gun, which he now challenges, as these matters were not submitted to a jury.  Whether or not they were submitted to a jury or were used in calculating a sentence under the guidelines, is immaterial as the defendant with or without these offense level enhancements was facing a mandatory life sentence under the United States Sentencing Guidelines.  He received a reduction from that sentence by his plea agreement to a term of 240 months.  Under these circumstances, he can raise no legitimate claim that he received ineffective assistance of counsel during the sentencing phase of this case.

His other claim is that he should be permitted to file the § 2255 motion more than twelve months after his sentence became final.  The Court has previously adopted the magistrate judge's findings and recommendation and denied that claim, and the Court does not find that under the circumstances of this case it is an issue for which a certificate of appealability should be granted.  There is nothing alleged in his third ground that suggests that he received ineffective assistance of counsel, and the Court finds that nothing is raised in any of the three grounds which he sets forth in his motion which would justify the granting of a certificate of appealability.  Accordingly, his

application for certificate of appealability will be denied.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 11th day of February, 2009.

BY THE COURT:

/s/ Lyle E. Strom
_____
   LYLE E. STROM, Senior Judge
   United States District Court